UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV345-J

TERRI N. SEYMOUR                                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                                                  DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Terri Seymour ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On January 10, 2006, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of September 16, 2005. After a hearing, Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that claimant's cervical degenerative disc disease with fusion of C4-7 was a severe impairment that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on April 24, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff states that she contests Finding Number 5 of the opinion, the section that sets out the ALJ's findings with regard to residual functional capacity (RFC). In arguing that substantial evidence fails to support the ALJ's RFC determination, Ms. Seymour contends the ALJ erred in rejecting her testimony regarding her pain and discomfort..

Residual functional capacity is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her RFC, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999). The regulations recognize that individuals who have the same severe impairment may have different RFCs depending on their other impairments, pain, and other symptoms. 20 C.F.R. § 404.1545(e).

The ALJ found that Ms. Seymour retained the ability to perform light work, with the

additional limitations of 15 pounds maximum lifting, only occasionally turning her head side to side (halfway only), needing to stretch or change positions every hour, never climbing ladders or crawling, occasionally climbing stairs, occasionally balancing, stooping, bending and crouching, and never working around vibrating equipment or reaching overhead. He rejected those portions of her testimony that claimed the need for rest breaks every 45 minutes, and that claimed disabling headaches approximately three times a week.

Tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997).

SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529©) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

The ALJ supported his factual determination by references to the portions of the record documenting improvement with physical therapy. The ALJ also cited to Dr. Collis' records for the statement that "she takes prescription pain medication sparingly and it is beneficial." Finally, the ALJ stated that "[t]he alleged frequency of her headaches is not well corroborated by the record." Tr. 17.

In supporting his reasoning, the ALJ cited to the April 14, 2006, assessment which revealed "good overall improvement with increasing [range of motion] and strength and decreasing pain." That report indicated that while progress had been made with respect to pain, its reported level remained at four of ten. Tr. 126. However, those physical therapy records (covering the period March through June of 2006) consistently recorded similar pain report numbers, even as they recorded plaintiff's agreement that pain was decreasing. The ALJ noted that on October 4, 2007, Ms. Seymour reported to Dr. Harpring that the physical therapy had "helped a lot." Dr. Harpring stated that while she "still has good days and bad days," she was overall improved. Tr. 150.

The ALJ observed Dr. Collis' notations that Ms. Seymour does not take her pain medication

on a constant basis. At the hearing, Ms. Seymour explained that she tries to take as little Darvocet as possible, not because she is pain free, but because of the medication's potential for liver damage. Tr. 368. On March 13, 2007, Dr. Collis recorded her report that she "takes a pain pill in the morning and sometimes has to take it throughout the day but a lot of times she doesn't." Tr. 185. On July 10, 2007, she reported increased pain. She stated that she doesn't take the Darvocet each day, but she also reported that she "is having a lot of headaches and spasming and tightness in the neck which bothers her somewhat." Dr. Collis performed trigger point injections. Tr. 184. When he next saw her, Dr. Collis recorded increased pain, decreased flexibility and numbness and tingling down the right arm. He concluded, "She is pretty miserable." Tr. 25.

Thus, there is evidence supporting the existence of considerable pain, and there is also evidence suggesting some improvement with therapy and treatment. The Court is not the fact-finder, and what determination the undersigned might make as finder of fact is completely irrelevant to this review. The Court concludes that the ALJ did comply with the requirement that he state reasons for his determination that the pain was not as severe or debilitating as claimed, and there exists substantial evidence to support the ALJ's factual determination regarding that pain. The fact that the record includes substantial evidence to support the opposite conclusion is legally irrelevant.

Ms. Seymour argues that the ALJ erred in rejecting the opinion of her treating physician, Dr. Collis. However, Dr. Collis' November 19, 2007 opinion was not before the ALJ. It was rendered several days after the hearing, and was submitted on the same day as the ALJ's decision. The District Court is prohibited from considering as part of the evidence as a whole any material that was not before the ALJ. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). This principle has been reaffirmed in Hensley v. Commissioner, 214 Fed.Appx. 547550 (6th Cir. 2007. When such evidence

5

is offered, the District Court is permitted to review it to determine whether to remand for consideration of additional evidence.

A plaintiff seeking remand for consideration of additional evidence bears the burden of showing that remand is proper. <u>Willis v. Secretary</u>, 727 F.2d 551 (6th Cir. 1984). 42 U.S.C. Sec. 405(g) provides that a district court may remand for consideration of additional evidence only upon a showing of new evidence that is material "and that there is good cause for the failure to incorporate such evidence into the record" previously. In this case, plaintiff has made no attempt to demonstrate good cause. As the opinion was rendered before the ALJ's decision, it is difficult to see what good cause could exist for failing to ask the ALJ to hold the record open for its receipt. Dr. Collis' November 19, 2007 opinion cannot be considered here, nor is remand appropriate.

As there is no error of law and substantial evidence supports the decision of the Commissioner, the decision must be affirmed.

An order in conformity has this day entered.